JSG

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2901 | DATE | 07/09/2003 |
| CASE TITLE | Blanks et al v. DH Johnson Construction Co. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment (doc. # 28)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. Enter Memorandum Opinion and Order. For the attached reasons, Defendant's Motion for Summary Judgment is GRANTED. All other pending motions are terminated as moot.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JUL 11 2003 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK 03 JUL 10 PM 5:37 | 35 |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 11 2003

CHRISTOPHER BLANKS, CALVIN )
GRANDBERRY, and STACY WEBB, )
)
Plantiffs, ) No. 01 C 2901
)
v. ) The Honorable William J. Hibbler
)
DH JOHNSON CONSTRUCTION )
)
Defendant. )

<u>MEMORANDUM OPINION AND ORDER</u>

Christopher Blanks, Calvin Grandberry and Stacy Webb sued DH Johnson Construction Company (the Company), alleging that it discriminated against them because of their race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. The Company moves for summary judgment. For the following reasons, the Company's Motion for Summary Judgment is GRANTED.

I. FACTUAL BACKGROUND

In this case, the Defendant's Motion for Summary Judgment was accompanied by a Local Rule 56.1(a)(3) Statement. (Doc. # 29). Although the Plaintiffs had until December 30, 2002, to respond to Defendant's Motion, they chose not to do so.[1] Local

---

[1] On December 19, 2002, Plaintiffs' attorney filed a motion to withdraw, although Plaintiffs' response to Defendant's Motion for Summary Judgment was due in 11 days. Counsel failed to notice the motion for hearing as required by Local Rule 5.3. Counsel's motion indicated that she would be out of town from December 21, 2002 until January 15, 2003. On January 28, 2003, Defendant's presented a noticed motion for a hearing on the motion to withdraw. Plaintiffs' counsel failed to appear. Because Plaintiffs' counsel never pursued her motion to withdraw (or even noticed it for hearing for that matter) the motion to withdraw is denied.

1

35

Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion. L.R. 56.1(b)(3)(B); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir.2003); *Central States Pension Fund v. Bomar Nat., Inc.*, 253 F.3d 1011, 1017 (7th Cir. 2001). As a result, all facts in Defendant's Local Rule 56.1(a)(3) Statement are deemed admitted.

On September 12, 2000, the Company hired Stacy Webb and Calvin Grandberry, both African-American males as apprentice bricklayers. Three days later, it hired Christopher Blanks, also an African-American male, as a laborer. The Company performs brick and masonry work and assigned the Plaintiffs a crew of bricklayers and laborers who worked at its Storage U.S.A. job site for the Company.

According to Jeffrey Johnson, the Company's vice president, in early October 2000 it experienced a shortage of materials at the Storage U.S.A. job site and there was insufficient work to retain all of the bricklayers and laborers. The Company decided to layoff the least efficient and least senior bricklayers and laborers. On October 6, 2000, the Company laid off Webb, Grandberry, and Blanks, just over three weeks after it had hired them. Additionally the Company laid off Giovanni Zerillo, a Caucasian apprentice bricklayer, on October 6. Over the course of the next two months, the Company laid off an additional nine employees, all of whom were either bricklayers or laborers: two (2) African American employees, four (4) Caucasian employees, and three (3) Hispanic employees.

According to the Company, brick and masonry work is seasonal and also dependent on the schedule set by the owner of the site, the customer, and the supply of

2

materials. Because of the intermittent nature of the work, layoffs of bricklayers and laborers are common in the brick and masonry business. In fact, Grandberry and Webb each were laid off six times by various employers between 1998 and 2000.

On April 24, 2001, the Plaintiffs filed this two-count suit against the Company alleging that the Company harassed them and ultimately laid them off because they were African-Americans. The Plaintiffs first allege that the Company subjected them to a hostile work environment that made them feel degraded, humiliated and demoralized. For example, the Plaintiffs testified that the Company's foreman never addressed the Plaintiffs by their given names, instead referring to them as "you guys," while addressing Caucasian co-workers by their given names. Webb further stated in response to Defendant's interrogatories that the foreman repeatedly called him "Satan." The Plaintiffs also allege that the foreman often publicly berated them when they waited for materials. In addition to the hostile-work environment claim, Plaintiffs also allege that they were discharged because of their race.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists only where the dispute over the facts might affect the outcome of the lawsuit and there is sufficient evidence to support a jury verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the non-moving party and draw all

3

reasonable and justifiable inferences in favor of that party. *Debs v. Northeastern Ill. Univ.*, 153 F.3d 390, 394 (7th Cir. 1998). A party opposing summary judgment, however, may not rest upon pleadings and must set forth specific facts showing that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the party opposing a motion for summary judgment bears the burden of proof on an issue, he or she must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial. *Sarsha v. Sears Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir.1993).

### III. DISCUSSION

1.  *Discriminatory Discharge (Count III)*[2]

Title VII makes it unlawful for an employer to discriminate against an employee because of the employee's race or national origin. 42 U.S.C. § 2000e-2(a)(1). "A plaintiff can avert summary judgment for the defendant in an employment discrimination case either by putting in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue or by establishing a *prima facie* case under the *McDonnell Douglas* formula." *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 940 (7th Cir.1997) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Pasqua v. Metropolitan Life Ins. Co.*, 101 F.3d 514, 516 (7th Cir.1996). Under the *McDonnell Douglas* burden shifting approach, a plaintiff can establish a *prima facie* case of race-based discrimination by showing that he: (1) was a member of a protected class; (2) met his employer's legitimate employment

---

[2] Although the Plaintiffs' complaint contains but two claims, their unlawful discharge claim is mistakenly labeled as "Count III."

4

expectations; (3) suffered a materially adverse employment action; and (4) others outside of the protected class were treated more favorably. *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001); *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1032 (7th Cir.1998). Once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action. *Johnson* 260 F.3d at 731; *Gonzalez* 133 F.3d at 1032. If the defendant comes forward with a non-discriminatory reason for its employment action, the plaintiff must then produce sufficient evidence to demonstrate that the proffered reason was pretextual. *Johnson* 260 F.3d at 732; *Gonzalez* 133 F.3d at 1032.

Plaintiffs allege that they were laid off because they were African-American. But the Plaintiffs failed to submit a brief in opposition to the Defendant's Motion for Summary Judgment. By failing to controvert the Company's statement of facts that the Plaintiffs essentially admit the evidence in the record is insufficient support an inference that the Company's motivation releasing them was discriminatory. Assuming for purposes of this motion that the Plaintiffs are able to satisfy the first three elements of the *McDonnell-Douglas* burden-shifting test, they cannot satisfy the fourth element. The record contains no evidence that others outside the protected class were treated more favorably. To the contrary, the record instead reveals that on the same day that the Plaintiffs were laid off, a Caucasian employee was also laid off. Moreover, over the course of the next two months, seven other Caucasian or Hispanic employees were laid off. Accordingly, Plaintiffs have failed to establish that other similarly situated employees were treated more favorably.

5

Even if the Plaintiffs' had met their initial burden of establishing a *prima facie* case of discrimination, the Company offered a legitimate, nondiscriminatory reason for discharging the Plaintiffs: a shortage of a materials forced them to reduce their work force. The Company produced unrebutted evidence that such lay offs are common within the industry. There is no evidence in the record to suggest that this reason is pretextual. To demonstrate pretext, a plaintiff must show more than the employer's decision was incorrect, "the plaintiff must also show the employer lied about its proffered explanation." *Johnson*, 260 F.3d at 732. The Plaintiffs admit in their depositions that they had no evidence to refute that the Company had experienced a lack of materials. The fact that the Company laid off nine additional employees in the two months following its release of the Plaintiffs further demonstrates that its proffered reason was not pretextual.

Because Plaintiffs can demonstrate neither that similarly situated employees were treated more favorably nor that the Company's proffered reason for its action was pretextual, their claim that they were discharged because of their race must fail.

2. *Disparate Treatment (Count I)*

Plaintiffs also allege that they were harassed and intimidated because of their race. A hostile work environment claim is comprised of a series of separate acts that collectively constitute one 'unlawful employment practice. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-16. In attempting to assess whether a hostile environment claim satisfies the necessary elements that the complained-of circumstances were both subjectively and objectively offensive, that the harassment was based on plaintiff's membership in a protected class and that the conduct was

6

severe and pervasive, it is the complained-of acts in their cumulative force that must be assessed, not any one act standing alone. *See, e.g., Cerros v. Steel Tech., Inc.*, 288 F.3d 1040, 1046 (7th Cir.2002).

In their depositions, Plaintiffs testified at their depositions that the foreman referred to Caucasian employees by their given-names, but referred to them only as "you guys." Webb also alleges that he was called "Satan." Finally, the Plaintiffs alleged that they were often publicly berated by the foreman if they were waiting for materials. Even taken in the light most favorable to the Plaintiffs, the cumulative impact of Plaintiffs' allegations fails to rise to a level sufficient to sustain a hostile environment claim. First, neither "you guys" nor "Satan" is an inherently race-based term, and Plaintiffs must demonstrate that the harassment was based on a protected characteristic. *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 806 (7th Cir.2000). Putting that aside, "relatively isolated instances of non-severe misconduct," like those complained of by the Plaintiffs, will not support a claim of hostile work environment. *Silk v. City of Chicago*, 176 F.3d 390, 398 (7th Cir.1999); *see also Ngeunjuntr v. Metropolitan Life Ins. Co.*, 146 F.3d 464, 467-68 (7th Cir.1998).

## IV. CONCLUSION

The Court finds that the record lacks sufficient evidence to sustain Plaintiffs' claims for unlawful discharge and for hostile environment discrimination. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

7/9/03
Dated

The Honorable William J. Hibbler
United States District Court

7